**STATE of Missouri, Respondent,**

**v.**

**Charles Roderic BROWN, Appellant.**

**No. WD 73280.**

Missouri Court of Appeals,
Western District.

March 13, 2012.

Alexa Irene Pearson, Assistant State Public Defender Columbia, MO, for Appellant.

Andrea S. Hayes, Assistant Prosecuting Attorney Columbia, MO, for Respondent.

Before Division II: GARY D. WITT, Presiding Judge, and JOSEPH M. ELLIS and MARK D. PFEIFFER, Judges.

MARK D. PFEIFFER, Judge.

Charles Brown appeals from the judgment of the Boone County Circuit Court ("trial court") convicting him of misdemeanor sexual misconduct under section 566.093 [1] following a bench trial. We affirm.

## Factual and Procedural Background[2]

Late in the evening on Friday, April 30, 2010, a twenty-two-year-old woman, A.M.,[3] looked out her bedroom window and saw a man, naked from the waist up, masturbating. The man had one leg out of his black running shorts and his genitals were fully exposed. The man was leaning against A.M.'s car, parked on the street in front of her apartment door. A.M. lived with her college-aged female roommate in a building with four duplexes (i.e. eight apartment units). A.M. could see the man "clear as day" because the residential street was so well lit, but she did not think he could see her because her bedroom light was off.

A.M. was alarmed and frightened by the man's conduct and called police and told them what she saw. A detective picked a visibly shaken A.M. up from her apartment; she was taken to identify a man who had been picked up in the neighborhood by police based on the victim's description. She identified the man, Charles Brown ("Brown"), as the man who had been masturbating on the street outside her apartment, and he was charged with second-degree sexual misconduct, a class A misdemeanor, § 566.093.

A.M. testified at Brown's bench trial before the trial court and again identified him as the man she saw masturbating in the street in front of her apartment.

---

1. All statutory citations are to RSMo 2000, as updated through relevant Cumulative Supplements.

2. This court views all the evidence, and inferences drawn therefrom, in the light most favorable to the verdict and will ignore all contrary evidence and inferences. *State v.* *Vandevere*, 175 S.W.3d 107, 108 (Mo. banc 2005).

3. Pursuant to section 566.226, we have used initials to identify the victim so as to protect the victim's identity.

Brown did not testify or present any evidence. Instead, Brown's trial counsel argued that the State failed to prove that Brown knew the victim or anyone else could see him, and therefore, Brown did not have the requisite intent to cause affront or alarm under section 566.093.

Brown filed a motion for a judgment of acquittal at the close of the State's evidence and again at the conclusion of the trial; both motions were denied by the trial court. The trial court convicted Brown and sentenced him to 120 days in the county jail for the misdemeanor conviction, suspended execution of the sentence, and placed Brown on supervised probation for two years. Brown subsequently violated the terms of probation, and his sentence was ordered to be executed.

Brown appeals.

### Point I—Sufficiency of Evidence

In his first point on appeal, Brown argues there was insufficient evidence to convict him of sexual misconduct in the second degree. He claims the State failed to present evidence demonstrating that he possessed knowledge that his conduct would cause affront or alarm. Thus, he argues that his motion for judgment of acquittal was erroneously denied. We disagree.

"[I]n a judge-tried case, as here, where the trier-of-fact and the arbiter of the law are one in the same, we review to determine whether there was sufficient evidence from which the trial court could have found the defendant guilty beyond a

reasonable doubt." *State v. Young,* 172 S.W.3d 494, 496 (Mo.App. W.D.2005). In reviewing the sufficiency of evidence in a bench trial of a criminal case, we apply the same standard of review as applied in a jury-tried case; we determine whether the State presented sufficient evidence from which a trier of fact could have reasonably found the defendant guilty; and in so doing, we examine the evidence and inferences in the light most favorable to the verdict, ignoring all contrary evidence and inferences. *State v. Johnson,* 244 S.W.3d 144, 152 (Mo. banc 2008); *State v. Peters,* 186 S.W.3d 774, 777 (Mo.App. W.D.2006). Reasonable inferences can be drawn from both direct and circumstantial evidence, *State v. Salmon,* 89 S.W.3d 540, 546 (Mo. App. W.D.2002), and circumstantial evidence alone can be sufficient to support a conviction, *State v. Grim,* 854 S.W.2d 403, 406–07 (Mo. banc 1993).

Under section 566.093.1(1), a person commits second-degree sexual misconduct if he exposes his genitals under circumstances in which he knows that his conduct is likely to cause affront or alarm. The Missouri Supreme Court has defined "affront" as " 'a deliberately offensive act or utterance; an offense to one's self respect' " and "alarm" as an " 'apprehension of an unfavorable outcome, of failure, or dangerous consequences; an occasion of excitement or apprehension.' " *State v. Moore,* 90 S.W.3d 64, 67 n. 6 (Mo. banc 2002) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 36, 48 (1993)). When interpreting the use of "affront" and "alarm" in section 566.095 [4]—third-degree

---

4. Section 566.095 states: "A person commits the crime of sexual misconduct in the third degree if he solicits or requests another person to engage in sexual conduct under circumstances in which he knows that his requests or solicitation is likely to cause affront or alarm." The relevant language of section

566.093 holds that it is second-degree sexual misconduct for a person to expose his genitals "under circumstances in which he knows that his conduct is likely to cause affront or alarm." There is no material difference in the "affront or alarm" clause of the two statutes, other than that it is caused by requests

sexual misconduct—the Missouri Supreme Court wrote:

> In the context in which "affront" and "alarm" are used in section 566.095, what is prohibited are sexual requests or solicitations that the defendant knows are likely to cause such a reaction. To be impolite is not enough. To be annoying is insufficient. The words "affront or alarm" convey, respectively, a deliberate offense or a feeling of danger. At the least, real emotional turmoil must result.

*Moore,* 90 S.W.3d at 67.

In discussing section 566.093, the Missouri Supreme Court found that the statute prohibited conduct "that is known or believed 'likely to cause affront or alarm,' presumably to distinguish a criminal act of exposing oneself from conduct that is accidental, inadvertent, or otherwise done without an intent to do harm." *Moore,* 90 S.W.3d at 68. While the application of the statute cannot "depend on the idiosyncratic reaction" of the victim, it does fall "to the courts to ascertain, by reference to the statute's words, what the person *should* know in advance of his conduct." *Id.* at 67–68 (emphasis added). "An adult is presumed to know that certain behavior is criminal." *Id.* at 68. In *Moore,* the court held that adults *should* know that soliciting oral sex from a thirteen-year-old is a crime likely to cause affront or alarm. *Id.*

■ Similarly, in this case, the trial court found that Brown *should* know that masturbating in public on a well-lit residential street of multi-home residences on a Friday evening, in a college town, leaning against a car parked in front of an "eight-plex" and in clear view of bedroom windows on the multi-residence building, would likely cause similar affront or alarm. There was ample evidence in the record for the trial court to draw such a conclusion, and we agree with the trial court that it is disingenuous for Brown to suggest that he did not know his behavior was criminal.

Brown cites *State v. Beine,* 162 S.W.3d 483 (Mo. banc 2005), in defense of his argument on appeal, but *Beine* only reinforces Brown's conviction. In *Beine,* a male school counselor at an elementary school, whose duties included preventing disruptive behavior by male students in the school's boys' restrooms,[5] was convicted of knowingly exposing his genitals to persons under the age of fourteen when he was not so surprisingly *urinating at a urinal in the boys' restroom. Id.* at 484–85. In reversing Beine's conviction, the court noted that Beine had both a right to be in the public restroom and to expose his genitals for the purpose of urinating at a urinal; as such, Beine's conduct of urinating at a urinal in a public restroom could not "reasonably be construed as likely to cause affront or alarm." *Id.* at 485.

Conversely, the present fact pattern can hardly equate with the fact pattern of *State v. Beine.* Here, Brown was not in a public restroom; he was on a well-lit public street immediately in front of the unobstructed view of windows on a multi-home duplex building. Here, Brown was not urinating in a urinal; he was leaning against a car on a residential street and masturbating in front of bedroom windows on a Friday evening. Unlike *Beine,* Brown *should* have known that his conduct

---

or solicitation in section 566.095 and conduct in section 566.093.

**5.** In *State v. Beine,* it was undisputed that no restrooms in the elementary school were expressly designated for students only, and instead, adults would sometimes use the large public restrooms frequented by the students. 162 S.W.3d at 489 (Stith, J., concurring in part, dissenting in part).

was likely to cause affront or alarm, and frankly, it is unreasonable for him to suggest otherwise.

■ Intent can "be proved by direct evidence and reasonable inferences drawn from the circumstances surrounding the incident." *State v. Riggs*, 2 S.W.3d 867, 873 (Mo.App. W.D.1999). "Direct proof of the required mental state is seldom available and such intent is usually inferred from circumstantial evidence." *State v. Brown*, 660 S.W.2d 694, 699 (Mo. banc 1983).

■ Brown argues that there is no evidence that he was aware of the attendant circumstances—specifically, that anyone could see him—and, therefore, the State did not prove that he intended to cause affront or alarm. We disagree. In this case, the circumstantial evidence of Brown's intent is as follows: Brown exposed his genitals and masturbated on a Friday evening, on a well-lit street of multi-home residences, leaning against a car that was parked in front of the victim's door, with an unobstructed view of her bedroom window. It is not unreasonable to assume that someone who lived in the multi-home residence would look out their window. As such, there is substantial evidence that Brown knew it was likely that someone would see him masturbating his exposed genitals, and he knew that such conduct would likely cause that person affront or alarm. Contrary to Brown's argument, the evidence in this case does not support a finding that his conduct was "accidental, inadvertent, or otherwise done without an intent to do harm." Instead, the evidence supports the trial court's judgment that Brown exposed his genitals under circumstances in which he knew that his conduct was likely to cause affront or alarm, in violation of section 566.093, and accordingly, the trial court did not err in denying Brown's motion for judgment of acquittal.

*Point I is denied.*

### Point II—Plain Error Review of Absence of Sentencing Transcript

In his second point on appeal, Brown argues that—(1) even though he is not entitled to raise a claim of ineffective assistance of counsel on appeal of a misdemeanor conviction, (2) even though a claim of a failure of the trial court to follow Rule 29 allocution requirements is not grounds to invalidate a misdemeanor judgment or sentence, and (3) even though he has failed to exercise required "due diligence" to correct any alleged deficiency in the trial record-his constitutional rights of due process were violated when the trial court failed to, *sua sponte*, order the recording and transcription of his sentencing hearing. Brown seeks plain error review on this point since he did not raise this claimed error with the trial court below.

■■ Under Rule 30.20, "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." This plain error rule "is intended to be the ultimate repository of an appellate court's power to correct injustice," but is not to be routinely invoked. *State v. Jordan*, 627 S.W.2d 290, 293 (Mo.1982). For this court to exercise its discretion to extend plain error review, it must first determine whether or not the claimed error "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted[.]' " *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc), *cert. denied*, 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995). To constitute manifest injustice or a miscarriage of justice, the prejudice Brown suf-

fered must rise above the level of ordinary prejudice. *See State v. Beggs,* 186 S.W.3d 306, 311 (Mo.App. W.D.2005). Manifest injustice "is determined by the facts and circumstances of the case, and the defendant bears the burden of establishing manifest injustice." *State v. Hannah,* 337 S.W.3d 114, 116 (Mo.App. W.D.2011) (internal quotation omitted).

■ Brown has not demonstrated that he has been prejudiced, let alone to the level that rises to manifest injustice.

*Sentencing Transcript*

Though Brown's trial was recorded and transcribed, his sentencing hearing was not. Brown did not ask for the sentencing hearing to be recorded or transcribed. Brown did not complain to the trial court or seek any Rule 30.04(h) relief to supplement what he now claims is an incomplete record. Instead, Brown argues that he should not be required to take any steps to correct what he deems to be a deficient trial record or to even bring any claimed transcript deficiency to the attention of the trial court. Missouri courts, including the Missouri Supreme Court, do not share Brown's interpretation of the law.

"[I]t is the obligation of the party desiring to create a record to do so at the time the statement or event occurred and to furnish that record on appeal." *State v. Brown,* 744 S.W.2d 809, 812 (Mo. banc 1988) (citation omitted). *See also Harris v. A.G. Edwards & Sons, Inc.,* 273 S.W.3d 540, 543 (Mo.App. E.D.2008) ("It is incumbent on the party that desires to have a record made of the trial proceedings to make a timely request of the court.").

■ Further, where a defendant-appellant believes that the trial record is deficient, the defendant-appellant has a duty to "attempt to correct the record by stipulation or by motion to the appropriate appellate court. Reversal and retrial will not be required unless the appellant exer-

cises due diligence to supply the omission or correct the defect and establishes prejudice as a result of inability to present a complete record." *State v. Borden,* 605 S.W.2d 88, 92 (Mo. banc 1980) (citations omitted). Rule 30.04(h) permits a party to supplement the transcript by stipulation of the parties. Likewise, Rule 30.04 provides alternative relief possibilities—such as requesting relief from the court—if the parties fail to agree on the supplementation. Rule 30.04(h). But such relief is only granted after Brown exercises due diligence in attempting to remedy a claimed transcript error or omission. *See State v. Clark,* 263 S.W.3d 666, 674 (Mo.App. W.D. 2008), *overruled in part on other grounds in State v. Daws,* 311 S.W.3d 806 (Mo. banc 2010) (holding that lack of voir dire transcript did not prejudice defendant; requiring due diligence to rectify transcript errors is not prejudicial).

Here, Brown exercised no diligence whatsoever to attempt to remedy what he now claims is a deficient trial record, and Brown made no effort to even bring any claim of transcript insufficiency to the attention of the trial court. The foregoing precedent does not permit us to grant Brown the relief he now demands when he has made no effort whatsoever to request a record at the time of the sentencing hearing or to correct what he believes is a deficient record. This is particularly so where, as here, there is no prejudice. An appellant is only entitled to relief for alleged transcript errors if he "exercised due diligence to correct the deficiency in the record *and* he was prejudiced by the incompleteness of the record." *State v. Middleton,* 995 S.W.2d 443, 466 (Mo. banc 1999).

*Ineffective Assistance of Counsel and Claimed Allocution Errors Not Available to Brown*

Brown's arguments as to prejudice consist of (1) a claim that his trial counsel was

ineffective at sentencing and (2) a claim that he may not have been able to personally address the court at sentencing.[6]

*Ineffective Assistance of Counsel*

██ Brown cannot raise a claim of ineffective assistance of counsel in this direct appeal from a misdemeanor conviction. *State v. Morovitz*, 867 S.W.2d 506, 510 (Mo. banc 1993). Brown's remedy, "if any, for ineffective assistance of counsel in misdemeanor cases is by habeas corpus." *Id.* Thus, the lack of a record of the sentencing hearing cannot support a claim of ineffective assistance of counsel that does not exist on his direct appeal of his misdemeanor conviction.

*Personal Allocution at Sentencing*

██ Under Rule 29.07(b)(1), "[w]hen the defendant appears for judgment and sentence, he must be informed by the court of the verdict or finding and asked whether he has any legal cause to show why judgment and sentence should not be pronounced against him." Brown argues that, because there is no transcript of sentencing, there is no way for this court to confirm that the trial court so informed Brown and gave him an opportunity to respond.

Even assuming Brown's speculation is accurate—that the court did not follow the procedure in Rule 29.07(b)(1)—his argument would still fail. Under the rule, the allocution requirement in misdemeanor cases, like Brown's, is "directory and the omission to comply with them shall not invalidate the judgment or sentence." Rule 29.07(b)(1). Therefore, Brown cannot demonstrate that he was prejudiced.

*Plain Error Review Denied*

Brown has failed to take any step whatsoever to correct what he perceives is a deficiency in the record, and he fails to demonstrate that he has been prejudiced by any such perceived record deficiency. Thus, Brown falls short of his burden of demonstrating any injustice or trial court error—let alone manifest injustice justifying plain error review of the error he alleges in Point II of his appeal.

Point II is denied.

### Conclusion

There was sufficient evidence to convict Brown of second-degree sexual misconduct, and the failure to record Brown's sentencing hearing was not plain error. The trial court's judgment is affirmed.

GARY D. WITT, Presiding Judge, and JOSEPH M. ELLIS, Judge, concur.

---

**6.** Brown also suggests that the lack of a sentencing transcript prevents him from ensuring that his trial counsel was present at the sentencing hearing. Yet, the docket sheet shows that, at sentencing, Brown appeared with his trial counsel.