**STATE of Missouri, Respondent,**

v.

**Ronda L. SHROUT, Appellant.**

**No. SD 32334.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 23, 2013.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Nov.
12, 2013.

Application for Transfer Denied
Dec. 24, 2013.

Jeannette L. Igbenebor, Kansas City, for appellant.

Chris Koster, Atty. Gen., Jennifer A. Rodewald, Asst. Atty. Gen., Jefferson City, for Respondent.

DANIEL E. SCOTT, J.

Cold, sick, "soaked in urine," with a bucket of excrement as his toilet, Aaron Johnson died on a urine-drenched mattress on the tarp-covered floor of a room where he was kept by his mother and her spouse. We need not detail a tragedy for which the latter were both convicted of involuntary manslaughter.[1]

We reject this appeal by the mother ("Mother") because her points each assume and proceed from a false premise— basically putting up and knocking down a

---

1. "A person commits the crime of involuntary manslaughter in the second degree if he acts with criminal negligence to cause the death of any person." RSMo § 565.024.3 (2005 Supp.).

straw man—leaving the true bases for conviction effectively unchallenged.[2]

## Point I—Denial of Duty

■ "Since Missouri's manslaughter statute does not expressly provide for violation based solely on omission, a duty to act must be found elsewhere." *State v. Riggs*, 2 S.W.3d 867, 870 (Mo.App.1999). Citing *Riggs*, Mother acknowledges that parents must protect and care for minor children, but argues that "no statute or law in Missouri . . . imposes a duty upon a parent to protect or care for an adult child." Aaron died at age 18. Point I thus complains that Mother "did not owe the alleged victim, who was an adult, a duty of care and therefore [Mother] could not be found criminally negligent for the alleged victim's death."

■ A glance at the record exposes this point's fallacy. In taking the case under advisement, the trial court first had to decide whether the defendants "had a duty or owed a duty to the decedent in this case." Having reviewed case law provided by the parties and citing the record at length, the court concluded that a duty of care arises, sufficient to support an involuntary manslaughter conviction, when one "voluntarily assumes the care of a mentally handicapped individual, being fully aware of the individual's physical and mental condition and the care challenges created by those conditions." Further, the court declared,

> I am firmly convinced from the evidence that the decedent was certainly dependent upon both of the Shrouts for his

basic necessities, food, clothing, shelter, and medical care, and that the Defendants both having voluntarily sought out in juvenile court and having received and assumed the custody of the decedent in this case, that the Defendants both owed a general duty of care to that young man and further a duty therefore to not act recklessly or with criminal negligence in carrying out that duty.

Breach of *this* duty—found by the trial court, supported by facts cited by that court, yet largely ignored by Mother here [3] —was the basis for conviction. Point I misses the mark. Point denied.

## Point II—No Vicarious Guilt

Similarly flawed, Point II and its supporting argument complain that:

- "an individual cannot be found negligent for another's actions in a criminal case, nor can negligence be imputed or apportioned with another";
- "[b]ecause Ronda and Robert Shrout were tried together and found guilty based upon the same evidence, they were both found guilty in part based upon the act of one another"; and
- Mother's "conviction is not based upon her 'personal act' but rather is based upon her behavior and that of her husband."

■ We find no support for the latter assertions. Mother cites none in the record. In pronouncing judgment, the trial court ascribed culpability to "both" defendants at least 14 times and addressed a notable exception:

---

**2.** Mother and her husband were bench-tried together by agreement. He appeals his conviction separately.

**3.** Mother briefly argues that evidence was insufficient even if a duty existed. This is outside the scope of Point I; more importantly, it

ignores our standard of review as cited by Mother herself, under which we consider only evidence and reasonable inferences supporting the conviction and ignore all those to the contrary. *State v. Brown*, 360 S.W.3d 919, 922 (Mo.App.2012).

Defendant Ronda Shrout had worked in a care facility before. I think that, Mrs. Shrout, what your awareness should have been in this case, having worked in a care facility, the reasonable inference is you should know what to look for. And these aren't anything that would require an expert to render an opinion on; I mean this is just common sense. When you have somebody that's sick in your care, you don't leave them in wet clothing. You do whatever it takes to make sure they're in dry clothing, you do whatever it takes to make sure they're in a dry, warm environment. That wasn't done in this case.

Finding no basis for a complaint of vicarious guilt, we deny Point II and affirm the judgment and conviction.

NANCY STEFFEN RAHMEYER, P.J. and WILLIAM W. FRANCIS, JR., C.J., concur.