

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | ED102163 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Washington County |
| v. | ) | 13WA-CR00402-01 |
| | ) | |
| ERIC MCCURTAIN, | ) | Honorable Troy K. Hyde |
| | ) | |
| Appellant. | ) | FILED: September 29, 2015 |

### Introduction

Eric McCurtain (McCurtain) appeals from a sentence and judgment of conviction for second-degree sexual misconduct. He asserts there was insufficient evidence to support his conviction, and he challenges the trial court's exclusion of certain evidence. We affirm.

### Background and Procedure

The State of Missouri (State) charged McCurtain with one count of the class B misdemeanor of sexual misconduct in the second degree stemming from an incident in which he exposed his genitals under circumstances in which he knew such conduct was likely to cause affront or alarm. At trial, the following evidence was adduced.

Channon Chazelle (Chazelle) was employed as a counselor with the Missouri Department of Corrections (DOC). McCurtain was an inmate at the Potosi Correctional Center (PCC) and had requested a consent form to speak with a mental health professional. Chazelle brought the

consent form to McCurtain's cell and slid it through an opening on the side of his cell door. McCurtain was clothed when she first arrived, but after taking the consent form to the back of his cell, he turned around, pulled down his pants to expose his entire penis, and started masturbating with one hand while still holding the form with the other. Chazelle told him that his behavior was inappropriate, but he continued to masturbate while walking towards her. Chazelle repeated that his behavior was unacceptable and left. She later returned to retrieve the form McCurtain had dropped onto the floor outside his cell. Chazelle spoke with her supervisor about the incident and reported that she felt uncomfortable with seeing McCurtain outside of his cell, such as in an office setting.

On cross-examination, counsel for McCurtain asked Chazelle if she had previously seen another penis exposed while working at the PCC. The State objected on the grounds of relevance and that rape shield protections prevented asking about prior sexual assaults. The trial court sustained the objection stating, "[t]his is a single isolated charge and as a result of that I feel that it would be irrelevant to go beyond what her experiences are in the situation." Chazelle further testified that after the incident with McCurtain she "felt caught off-guard and uncomfortable, but not distressed like [she] was going to get hurt," and that she felt he was trying to intimidate her. She agreed she did not seek treatment after the incident and was not in any emotional turmoil, other than speaking to her supervisor about not wanting to see McCurtain in an office situation. She agreed that it could be "pretty crazy" in the PCC with inmates yelling.

The jury found McCurtain guilty of second-degree sexual misconduct. McCurtain filed a motion for acquittal or in the alternative for a new trial. The trial court denied his motion and sentenced him to 30 days in jail, to be served consecutive to the sentence he was already serving in the DOC. This appeal follows.

2

## Discussion

### Point I

In his first point on appeal, McCurtain argues the trial court erred in overruling his motion for judgment of acquittal and in imposing a sentence and judgment upon him, because the State failed to present sufficient evidence from which a reasonable jury could have found McCurtain's conduct was likely to cause affront and alarm, in that his conduct occurred in a prison where such actions are commonplace and thus not likely to cause affront and alarm to those who work there. We disagree.

We review challenges to the sufficiency of the evidence supporting a criminal conviction by determining whether the State presented sufficient evidence at trial from which a reasonable juror might have found the defendant guilty of all the essential elements of the crime. State v. Gibbs, 306 S.W.3d 178, 181 (Mo. App. E.D. 2010). We accept as true all evidence supporting the jury's verdict, including all favorable inferences therefrom, and disregard all contrary evidence and negative inferences. Id. We do not act as a super juror but will defer to the trier of fact. State v. Nash, 339 S.W.3d 500, 559 (Mo. banc 2011).

The State is required to prove beyond a reasonable doubt each element of the offense charged. State v. Danikas, 11 S.W.3d 782, 788 (Mo. App. W.D. 1999). The State charged McCurtain with sexual misconduct, which occurs when a person "exposes his or her genitals under circumstances in which he or she knows that his or her conduct is likely to cause affront or alarm." Section 566.093.1(1), RSMo. (Cum. Supp. 2013). The statute does not provide a definition for affront or alarm, but Missouri courts have defined affront as "a deliberately offensive act or utterance," and alarm as "apprehension of an unfavorable outcome ... or dangerous consequences; an occasion of excitement or apprehension." State v. Moore, 90

3

S.W.3d 64, 67 n.6 (Mo. banc 2002) (internal quotation marks and citations omitted); State v. Jeffries, 272 S.W.3d 883, 884-85 (Mo. App. S.D. 2008).

To meet its burden on the second element, that "he or she knows that his or her conduct is likely to cause affront or alarm," the State is not required to prove the victim was in fact affronted or alarmed but merely that the defendant *knew* the conduct was likely to cause affront or alarm. State v. Kalter, 442 S.W.3d 124, 129-30 (Mo. App. S.D. 2014). The focus is on the defendant's knowledge. State v. Edwards, 433 S.W.3d 494, 497 (Mo. App. S.D. 2014). Circumstantial evidence is sufficient to meet the burden of proof for the requisite mental state to support a conviction for sexual misconduct. State v. Brown, 360 S.W.3d 919, 924 (Mo. App. W.D. 2012). The jury applies a "should have known" standard to a defendant's conduct. Id. at 923-24.

Here, the record contains sufficient evidence to conclude that McCurtain was deliberately offensive,[1] and therefore knew or should have known his conduct was likely to cause affront or alarm. See Jeffries, 272 S.W.3d at 884-85 (deliberately offensive acts constitute affront). Chazelle did not happen upon him unaware; rather, he waited until Chazelle arrived at his cell and was interacting with him before he exposed his genitals and started masturbating in full view of her. Masturbating openly is likely to result in affront or alarm by anyone who sees the defendant, and a jury can conclude simply from the conduct that the defendant was being deliberately offensive. See Brown, 360 S.W.3d at 923-24. Moreover, he did not stop when Chazelle told him his behavior was inappropriate, but rather continued to masturbate while

---

[1] McCurtain compares the facts in his case to those in State v. Beine, 162 S.W.3d 483 (Mo. banc 2005), to argue Beine is controlling here. The Missouri Supreme Court reversed Beine's conviction under Section 566.093, finding that the State failed to show Beine knew his actions of incidentally (and necessarily) exposing his genitals while urinating in the urinal in the boy's restroom would be likely to cause affront or alarm. Id. at 485-86. For McCurtain to compare the facts here—of intentionally pulling down his pants to expose his penis and masturbate in full view of Chazelle—to the facts in Beine is unreasonable on its face. Beine is not controlling.

4

walking towards her. See Edwards, 433 S.W.3d at 497 (failure to comply with requests to stop conduct is evidence that defendant knew conduct was likely to cause affront or alarm). Chazelle testified it seemed that McCurtain intended to intimidate her with his behavior, suggesting he not only knew his conduct was likely to cause affront or alarm, but he actually intended to cause affront or alarm. See Kalter, 442 S.W.3d at 131 (jury can make reasonable inferences from record that defendant knew his conduct was likely to cause affront or alarm). Last, "[a]n adult is presumed to know that certain behavior is criminal," and thus the jury could reasonably infer that McCurtain knew his conduct was criminal and thus likely to cause affront or alarm. See Edwards, 433 S.W.3d at 497 (citation omitted); see also Brown, 360 S.W.3d at 923 (claiming ignorance that public masturbation is illegal is disingenuous).

McCurtain argues that because the conduct occurred in a prison setting, Chazelle should not have been affronted or alarmed, as public masturbation is the type of standard conduct one should expect to witness in prison.[2] Ignoring the issue of whether that portrayal is accurate, the standard is not what Chazelle should have expected, but what McCurtain knew or should have known. See id. at 129-30. There was sufficient evidence in the record here for a reasonable juror to find McCurtain knew his conduct was likely to cause affront or alarm. See Gibbs, 306 S.W.3d at 181.

Point denied.

## Point II

In his second point on appeal, McCurtain argues the trial court erred in sustaining the State's objection to defense counsel's question of whether Chazelle had previously seen a penis

---

[2] Even if it is true, as alleged, that public masturbation occurs all the time in prisons, when used, as here, as a tool of intimidation, this type of repugnant and threatening conduct is not acceptable simply because it happens to occur inside the walls of a prison. While purely incidental to the issues on appeal, we acknowledge that prison officials have the right to maintain control of the prison environment, and we are not willing to condone an atmosphere where intimidation becomes sanctioned simply because it is common.

exposed while working at the PCC, because the question was relevant and not prohibited under the rape shield law. We disagree.

We review a trial court's decision to admit or deny evidence for an abuse of discretion and will find an abuse of that broad discretion only when the decision to exclude evidence is "clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration." State v. Winfrey, 337 S.W.3d 1, 5 (Mo. banc 2011). We will reverse for evidentiary error only where the error was prejudicial, meaning there was a reasonable probability the error affected the outcome of the trial and deprived the defendant of a fair trial. Id.

Initially, we note that although McCurtain argues the trial court erred in sustaining the State's objection on the grounds that the information was barred by the rape shield law, it does not appear from the record that the trial court in fact sustained the objection on that ground. The rape shield law was one of two grounds the State articulated for its objection; however, in sustaining the objection, the trial court alluded only to relevance as the basis for its decision. Thus, we discuss only the issue of relevance. Evidence must be both logically and legally relevant to be admissible. State v. Taylor, --- S.W.3d ---, 2015 WL 4627927, at *3 (Mo. banc Aug. 4, 2015). Evidence that is logically relevant tends to make the existence of a material fact more or less probable, and evidence that is legally relevant has probative value that outweighs any "unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or cumulativeness" that may result from its admission. Id.

We agree with the trial court that whether Chazelle had previously seen the penises of other inmates of the PCC was neither logically nor legally relevant to the issue of whether McCurtain knew his conduct—of not only exposing his penis but masturbating while walking

6

towards Chazelle—was likely to cause affront or alarm. McCurtain's theory of defense was that his conduct was so common in prison life so as to be unlikely to cause affront or alarm. As discussed in the first point on appeal, whether Chazelle actually experienced affront or alarm does not prove or disprove that element of the offense. Rather, criminal liability existed if McCurtain knew his conduct of exposing his genitals while masturbating in full view of Chazelle was likely to cause affront or alarm. See Section 566.093.1(1). The evidence of Chazelle's prior experience that McCurtain sought to admit would not make existence of his knowledge of the likelihood of affront or alarm more or less probable, and thus it was not logically relevant. See Taylor, --- S.W.3d ---, 2015 WL 4627927, at *3.

In addition to not being logically relevant, the evidence was not legally relevant, in that any probative value was outweighed by the potential for confusing the issues and misleading the jury. See id. Chazelle's prior experiences at the PCC were not relevant to McCurtain's knowledge of the effect of his conduct, and the trial court was correct in not allowing McCurtain to attempt to combine the issues. Point denied.

## Conclusion

The trial court's sentence and judgment is affirmed.

_____
Gary M. Gaertner, Jr., Judge

Philip M. Hess, P.J., concurs.
Angela T. Quigless, J., concurs.

7