

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED110963 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City St. Louis County |
| vs. | ) | |
| | ) | Honorable Elizabeth Hogan |
| ALEXANDER HARRIS, | ) | |
| | ) | |
| Appellant. | ) | Filed: February 20, 2024 |

## Introduction

Alexander Harris ("Appellant") appeals the circuit court's judgment following a bench trial convicting him of one count of first-degree assault. In his sole point on appeal, Appellant argues the circuit court erred in overruling his motions for judgment of acquittal and in entering judgment and sentence for first-degree assault because there was insufficient evidence by which any rational juror could find beyond a reasonable doubt he knowingly attempted to cause serious physical injury to D.L. ("Victim") by intervening in an altercation between J.J. ("Codefendant") and Victim.

Because there is sufficient evidence to support the elements of first-degree assault, the circuit court did not err. Appellant's point on appeal is denied.

The circuit court's judgment is affirmed.

**Factual and Procedural Background**

Appellant was charged by indictment with one count of first-degree assault, in violation of section 565.050 RSMo;[1] two counts of second-degree assault, in violation of section 565.052; and one count of third-degree assault, in violation of section 565.054. The State later filed a substitute information in lieu of indictment charging Appellant with one count of first-degree assault as a prior and persistent felony offender, alleging:

> [O]n or about December 26, 2018, in the City of St. Louis, State of Missouri, [Appellant] repeatedly struck [Victim] in the head and face, and such conduct was a substantial step toward the commission of the crime of attempting to cause serious physical injury to [Victim], and was done for the purpose of committing such assault.

After waiving his right to a jury trial, the circuit court held a bench trial on August 30, 2021. The evidence, viewed in the light most favorable to the verdict, showed:

On December 26, 2018, Victim, a property manager, was in her office when Codefendant, who arrived in a vehicle with Appellant, came into her office asking Victim if her apartment was ready. Appellant remained in the vehicle. When Victim told Codefendant her apartment was not ready, Codefendant became upset. Codefendant grabbed Victim's keys, ran to the door, and tried to leave with the keys. Victim put her foot on the door to prevent Codefendant from leaving and asked others in the room to call the police. Codefendant grabbed the scarf Victim was wearing pulled Victim towards her and hit Victim in the face with the keys. Codefendant then opened the locked door letting Appellant in the office. Appellant immediately began punching Victim with his closed fists. Victim was thrown over a desk, and Appellant hit Victim in the head and face. Victim "had blood gushing everywhere." Once Appellant and Codefendant realized police were on the way, they both left.

---

[1] All statutory references are to RSMo 2016, unless otherwise indicated.

Victim required five stitches on the left side of her head, which she believed was from Codefendant striking her on the head with the keys and twenty stitches on the right side of her head from Appellant repeatedly punching her. Victim's orbital bone and nose were also broken from Appellant repeatedly punching her.

Appellant testified on his own behalf, stating he only entered the building after he heard Codefendant calling for help and screaming. Appellant claimed he saw Victim pulling Codefendant's hair and hitting Codefendant in the face. Appellant testified he only went inside the office with the intention of breaking up the fight and getting Victim and "the other older woman" off Codefendant. Appellant denied striking or hitting Victim, and denied ever seeing any blood.

The circuit court entered an order finding the testimony of all the State's witnesses, including Victim's, credible, while finding Appellant's testimony not credible. The circuit court found Appellant guilty as charged of first-degree assault and sentenced Appellant, as a prior and persistent offender, to ten years' imprisonment at the Missouri Department of Corrections.

This appeal follows.

**Standard of Review**

In a bench-tried case, this Court reviews a circuit court's ruling on a motion for judgment of acquittal to determine whether the State introduced sufficient evidence from which the circuit court could have found the defendant guilty beyond a reasonable doubt. *State v. Peeler*, 603 S.W.3d 917, 920 (Mo. App. E.D. 2020) (citing *State v. McDowell*, 519 S.W.3d 828, 837 (Mo. App. E.D. 2017)). "In reviewing the sufficiency of the evidence in a bench-tried case, this Court applies the same standard of review as applied in a jury-tried case." *Id.* (citing *State v. Brown*, 360 S.W.3d 919, 922 (Mo. App. W.D. 2012)). The evidence is viewed "in the light most favorable to the verdict, granting the State all reasonable inferences and disregarding all contrary evidence and

inferences." *Id.* (quoting *State v. Lammers*, 479 S.W.3d 624, 632 (Mo. banc 2016)). "Reasonable inferences can be drawn from both direct and circumstantial evidence, and circumstantial evidence alone can be sufficient to support a conviction." *Id.* (quoting *Brown*, 360 S.W.3d at 922). But, this Court "will not supply missing evidence or grant the State unreasonable, speculative, or forced inferences." *Id.* at 920–21 (quoting *Lammers*, 479 S.W.3d at 632).

**Discussion**

*A. Party Positions*

Appellant argues the circuit court erred in overruling his motions for judgment of acquittal and in entering judgment and sentence for first-degree assault because there was insufficient evidence by which any rational fact-finder could find beyond a reasonable doubt Appellant knowingly attempted to cause serious physical injury to Victim by intervening in an altercation between Codefendant and Victim. Appellant asserts the evidence "permits, at most, an inference" he "intended only to protect [Codefendant] by physically restraining or subduing [Victim], and he did not therefore form the requisite criminal intent for his conviction" of first-degree assault. Appellant admits while the evidence establishes he "repeatedly struck [Victim] in the head, his attendant conduct suggests he did not intend to cause her serious physical injury." (Emphasis removed). Appellate asserts he did not "threaten [Victim] or anyone else in any way either before, during, or after the assault," he did not "premeditatedly assault [Victim] out of personal animus or malevolent will," and he did not have to be "forcibly separated from [Victim] to quit hitting her." Appellant contends his "sole purpose for entering the leasing office" that day "was to ensure [Codefendant]'s safety." And even though his "apparent miscalculation of the situation" was "wrong," it "does not amount to a conscious object to cause [Victim] serious physical injury." Appellant argues "[b]ecause there was no evidence, circumstantial or otherwise, to establish" he

4

"knowingly attempted to cause [Victim] serious physical injury, there was insufficient evidence to convict" him of first-degree assault. Appellant asserts the State "failed to prove beyond a reasonable doubt that [his] actions were a substantial step toward the commission of the crime of first-degree assault . . . ."

The State argues the circuit court did not err because the evidence at Appellant's bench trial was sufficient to convict him of first-degree assault. The State notes the evidence shows Appellant repeatedly beat Victim with his closed fists, resulting in a head wound requiring twenty stiches and leaving a visible scar, a broken orbital bone, and a broken nose. The State contends the evidence, when viewed in the light most favorable to the circuit court's judgment, was sufficient for the court to find Appellant intended to cause serious physical injury to Victim.

*B. Analysis*

Under section 565.050, "[a] person commits the offense of assault in the first degree if he or she attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." "The language used in section 565.050 is in the disjunctive, indicating that a person commits the crime of first[-]degree assault if he either (1) attempts to kill; (2) knowingly causes serious physical injury to another person; *or* (3) attempts to cause serious physical injury to another person." *State v. Thomas*, 972 S.W.2d 309, 312 (Mo. App. W.D. 1998) (emphasis added). Appellant was charged with "attempting to cause serious physical injury" to Victim. "[T]o be convicted of attempted first-degree assault, [d]efendant must have: (1) had the purpose to commit that offense and (2) committed some act that is a substantial step toward completing that offense." *Lammers*, 479 S.W.3d at 632; *see also Nguyen v. State*, 184 S.W.3d 149, 153 (Mo. App. W.D. 2006). "To act purposefully is to have the conscious object to engage in certain conduct or to cause a certain result." *Lammers*, 479 S.W.3d at 632 (citing *State v. Whalen*, 29 S.W.3d 181, 187 (Mo.

5

banc 2001)). "A 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." *Nguyen*, 184 S.W.3d at 153 (quoting *Whalen*, 49 S.W.3d at 186).

"Intent is rarely susceptible to proof by direct evidence and is most often inferred circumstantially." *Lammers*, 479 S.W.3d at 633 (citing *State v. Letica*, 356 S.W.3d 157, 166 (Mo. banc 2011)). "[T]he necessary intent may be based upon circumstantial evidence or inferred from surrounding facts such as defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct." *Potter v. State*, 679 S.W.3d 50, 56 (Mo. App. E.D. 2023) (quoting *State v. Chambers*, 998 S.W.2d 85, 90 (Mo. App. W.D. 1999)). Intent may also "be inferred from conduct that would tend to cause death or serious physical injury." *Id.* (citing *State v. Moore*, 1 S.W.3d 586, 589 (Mo. App. E.D. 1999)).

Here, Appellant's actions establish he intended to cause serious physical injury to Victim and took a substantial step toward achieving such result. Upon entering Victim's office, Appellant, who is 6'3" tall, and weighs 228 pounds, repeatedly punched Victim with closed fists. Victim was thrown over a desk and Appellant hit Victim in the head and face causing blood to "gush[] everywhere." Victim sustained serious physical injuries including a broken nose, broken orbital bone, and a head wound requiring twenty stitches, leaving a visible scar. This evidence was sufficient to support the elements of first-degree assault. *See State v. Perkins*, 640 S.W.3d 498, 502 (Mo. App. S.D. 2022) (holding evidence sufficient to support elements of first-degree assault where the appellant hit the victim in the head with a closed fist several times, continued hitting the victim while he was on the ground, and kicked and stomped victim); *State v. Immekus*, 28 S.W.3d 421, 427 (Mo. App. S.D. 2000) (holding evidence sufficient to support finding the appellant attempted to cause serious physical injury where the appellant hit the victim breaking "the bone

that forms the eye socket" and cracking the victim's tooth, left burn marks on the victim's wrists, and left visible scarring from the cuts the appellant inflicted); *see also Interest of D.L.T.*, 673 S.W.3d 844, 850 (Mo. App. E.D. 2023) (quoting *State v. Keeper*, 787 S.W.2d 887, 890 (Mo. App. E.D. 1990)) ("A defendant's flight upon realizing the presence of police can constitute additional evidence of guilt . . . .").

Appellant's point is denied.

## Conclusion

The circuit court's judgment is affirmed.

_____
Philip M. Hess, Judge

Robert M. Clayton III, P.J. and
Cristian M. Stevens, J. concur.