STATE of Missouri,
Plaintiff-Respondent,

v.

Anthony ASHFORD,
Defendant-Appellant.

No. 42096.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 11, 1981.

Robert C. Babione, Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from a conviction by a jury of robbery in the first degree, two counts of kidnapping, and assault with intent to do great bodily harm with malice aforethought.[1] He was sentenced by the court in accordance with the verdict of the jury to terms of ten years for robbery in the first degree, ten years for each count of kidnapping, and fifteen years for assault with intent to do great bodily harm with malice aforethought. The court directed that the terms for the two counts of kidnapping run concurrently and that the terms for the other offenses run consecutively.

Although defendant does not challenge the sufficiency of the evidence,[2] we relate sufficient facts to dispose of his points. On July 1, 1978, defendant and another man went to the house of Paula Garth. The woman was asked if she had any money or gas. The other man tied her up and handed the defendant a knife which he held on the woman. The woman said something to the defendant which angered him and he grabbed her around the throat and choked her for some time. The woman and her five-year old daughter, Mia Garth, were then forced to accompany the two men in the woman's car to the foot of a railroad embankment located near 8500 Partridge Avenue, in St. Louis. In the car, the woman cried and pleaded that the men not hurt her daughter. The woman was taken from the car and led up the embankment. The other man told the defendant to throw the woman in front of an oncoming train. Defendant refused, so the other man stated, "Well, fuck it. I'll do it." As the defendant looked on, the other man struck the woman in the face which caused her to fall to the ground. He then "stomped" on her face and chest. The two men left the woman there, returned to the car, and drove the child to the Chain of Rocks Park. The child was taken from the car to a wooded place, stabbed in the chest with the butt end of a knife and tied to a tree. The men left the child there and drove to a shopping center where the defendant used the woman's credit card to purchase some clothing.

After the man left her, the child was able to free herself from the tree, walk to the road and flag down a passing motorist who took her to a police station. Later, on the same day, Paula Garth was discovered by a passing motorist lying on a path, halfway up the railroad embankment. Her blouse was open, she was unconscious and experiencing convulsions. She never regained consciousness and died seven days later of brain damage, kidney failure, blood imbalance and prolonged hypertension. The state attempted to prove that Paula died as a result of the conduct of her abductors; the defendant attempted to prove that she died as a result of drugs and alcohol that she had consumed prior to the crimes.

1. The original indictment contained an additional charge of first degree murder. This charge was nolle prossed by the state prior to trial.

2. The state's evidence included an extensive statement given by the defendant to the police admitting his involvement in the crimes.

The stolen vehicle was recovered about a block from defendant's house. His fingerprints were found on the vehicle. Defendant was arrested by the police on July 5, 1978. He was placed in a police lineup and positively identified by Mia Garth as one of the men who abducted her.

Prior to the trial, defendant filed a motion in limine to exclude any testimony regarding the death of Paula Garth. This motion was overruled by the court. During the trial, both parties introduced evidence concerning the death of the woman.

■ Defendant contends that the court erred in failing to sustain defendant's motion for mistrial after testimony was volunteered by a police officer that Mia Garth had identified someone in the police lineup.

The police officer gave the following testimony concerning identification of a person in the police lineup:

"Q [By Mr. Sullivan, prosecuting attorney] Were you at a lineup where the defendant, Anthony Ashford, was present in?

A [By police officer] Yes.

Q And how many people were in that lineup?

A There were several young men. Five or six young men.

Q And, again, were they all taken from the Juvenile Center?

A Yes.

Q Were they relatively the same age, height, and weight and build as the defendant?

A Yes.

Q Who was present at that lineup?

A The little girl, Mia Garth, came there and she made an identification.

MR. BRUNTRAGER [defendant's attorney]: I'm going to object to that last portion of the question as being irrelevant and as being not responsive and ask that it be stricken.

THE COURT: All right. The objection will be sustained. The jury will be instructed to disregard the last part of that answer that was given by the witness."

Defendant then requested a mistrial which was denied by the court. Defendant claims that the officer's testimony falls within the proscription of *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972), which holds that a third person may not testify as to an extrajudicial identification made by an identifying witness except when the identifying witness has been impeached and there is need to rehabilitate the witness. However, *Degraffenreid* is distinguishable from the case before us. In *Degraffenreid*, the officer testified that he had seen the witness identify a photograph of the defendant and later identify the defendant in a police lineup. Here, the officer's testimony indicated only that an identification had been made. This type of evidence is not objectionable under the standard stated in *Degraffenreid*. *See Thompson v. State*, 606 S.W.2d 263, 265 (Mo.App.1980). Therefore, defendant's point is without merit.

■ Defendant contends that the court committed plain error in refusing to sustain his objection and grant his request for a mistrial after the prosecuting attorney made reference to the death of Paula Garth in his opening statement. Defendant did not raise this point in his motion for new trial and it is not preserved for appellate review. Rule 78.07. He asks that we consider it under the plain error rule. Rule 29.12(b).

Here, the court had previously overruled defendant's motion in limine requesting that the state make no reference to the death of Paula Garth, and the defendant on appeal has not objected to this ruling. In fact, defendant presented evidence as to the cause of death and defendant's counsel made references to her death during the trial. In light of all the circumstances involved, we find that there is no manifest injustice here.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.