Ernest Cornelious WILLIAMS, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 52327.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 15, 1987.

Rehearing Denied Jan. 26, 1988.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after a denial of his Rule 27.26 motion following an evidentiary hearing. We affirm.

Movant was convicted of capital murder and sentenced to life imprisonment without probation or parole for 50 years. His conviction was affirmed by us in *State v. Williams*, 659 S.W.2d 309 (Mo.App.1983), which sets forth the facts of the offense.

In his pro se Rule 27.26 motion, movant alleged 18 separate grounds for relief which he summarizes in his brief on appeal as follows:

8(a) stated that the statutes on which the indictment was based was unconstitutional;

8(b) alleged abuse of judicial discretion in allowing the state to use the Notice of Evidence in Aggravation;

8(c) alleged ineffective assistance of counsel;

8(d) alleged the introduction of evidence of other crimes at trial;

8(e) alleged violations of Sections 600.-046 and 600.086 RSMo by the trial court's permitting the Public Defender's Office to ascertain indigency, causing delays of the trial in violation of Section 545.780 RSMo (now repealed);

8(f) alleged improper argument by the prosecutor;

8(g) alleged an impartial jury on the basis of questions related to capital punishment;

8(h) alleged an unrepresentative jury based on the exclusion of adults aged eighteen to twenty-one;

8(i) alleged violations of the *Witherspoon* Rule;

8(j) objected to the playing of a taped, during closing argument, phone conversation between the victim and the police dispatcher;

8(k) alleged improper admission of a photograph of [movant] into evidence;

8(*l*) alleged error in admitting testimony of unendorsed state's witnesses;

8(m) alleged insufficient evidence as to the cause of death of the victim;

8(n) alleged perjury on the part of state's witnesses;

8(*o*) alleged that the prosecutor was bribed by the victim's family;

8(p) alleged plain error in that the trial court overruled a motion to dismiss based on the state's failure to advance court ordered expense money;

8(q) alleged that the state withheld exculpating evidence from defense counsel;

8(r) alleged violations of Section 545.-780 RSMo (now repealed).

The parties agreed that movant's points 8(a) and (b) could not properly be considered in a Rule 27.26 motion. The motion court entered findings of fact and conclusions of law addressing point 8(c), the ineffectiveness of counsel issue. The court concluded that point 8(p) was not properly before the court because it alleged plain error for the trial court's failure to advance court ordered trial expense money. The court entered no findings of fact or conclusions of the law regarding movant's points 8(d) through 8(r), with the exception of 8(p). The court denied the Rule 27.26 motion.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

■ On appeal, movant alleges the motion court

clearly erred by denying and overruling [movant's] motion because the record does not show the active participation of counsel as required by Rule 27.26(h) in that no amended motion was filed and the record does not show that [movant] chose to stand on his *pro se* motion or that counsel ascertained whether all grounds known to [movant] were included.

Rule 27.26(h) requires appointed counsel to ascertain from the movant

the facts supporting the grounds asserted in the motion and if those facts are not sufficiently stated in the motion, counsel shall file an amended motion. Counsel also shall ascertain ... whether [the movant] has included all grounds known to him as a basis for attacking the judgment and sentence and, if not, shall file an amended motion which also sufficiently alleges any additional grounds and the facts in support thereof.

Movant relies on *Hirsch v. State*, 698 S.W.2d 604 (Mo.App.1985), which states that the record in a Rule 27.26 proceeding should reflect the active participation of appointed counsel. *Id.* at 605. In *Hirsch*, however, the court dismissed the movant's motion without an evidentiary hearing and without any attempt by counsel to ascertain the merits of movant's claim. Here, although appointed counsel sought unsuccessfully to withdraw from representation of movant, the motion court held a full evidentiary hearing, counsel presented evidence on the ineffective assistance of counsel claim in addition to that alleged in movant's motion, and movant had an opportunity to present any other evidence he desired. We find no prejudice to movant from counsel's failure to amend the Rule 27.26 motion.[1] *See Smith v. State*, 674 S.W.2d 634, 636 (Mo.App.1984).

Movant also alleges the motion court clearly erred

counsel asking him to amend his Rule 27.26 motion to challenge the admission of certain

1. Attached to his reply brief movant has filed as an exhibit a copy of a letter he wrote his motion

in that it did not make findings of fact and conclusions of law on all issues presented as required by Rule 27.26(i) or, in the alternative, by proceeding to an evidentiary hearing without ordering counsel to amend the pro se motion. The [motion] court's findings of fact and conclusions of law did not address fourteen of the [eighteen] points raised in [movant's] motion.

◼ Rule 27.26(i) states in pertinent part that the motion court "shall make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." In *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), the court stated, "A mere recital or statement that the motion, files and records conclusively show that movant is entitled to no relief will not constitute compliance with Rule 27.26(i). Nor will findings and conclusions be supplied by implication from the [motion] court's ruling. Specific findings and conclusions are contemplated and required." 572 S.W.2d at 483.

A literal reading of Rule 27.26(i) and *Fields* might indicate that there are no exceptions to the requirement that a motion court make findings of fact and conclusions of law on all points. Courts have carved out exceptions, however. Where the issue confronting the motion court is one of law and not of fact, findings of fact are not required. *See Newman v. State*, 703 S.W.2d 71, 72 (Mo.App.1985). No error results from a failure to make findings and conclusions on claims unsupported by substantive evidence or on claims not cognizable in a Rule 27.26 proceeding. *Gawne v. State*, 729 S.W.2d 497, 501 (Mo.App.1987).[2]

◼ In light of the above noted recognized exceptions to the requirement that a motion court make findings of fact and conclusions of law on all points raised, we have examined movant's motion, the testimony presented at the evidentiary hearing, and the motion court's findings and conclude that the motion court made findings on all issues on which findings are required under the law as it exists in Missouri today. In each instance where no finding was made there exists one of the exceptions enumerated above that exempt a motion court from making such findings. Movant claims that his counsel at the Rule 27.26 hearing was ineffective for failing to ask more questions. We note that challenges to the effectiveness of counsel in a Rule 27.26 proceeding are not cognizable in a Rule 27.26 proceeding. *Adail v. State*, 612 S.W.2d 6, 8 (Mo.App.1980).

In light of the above determinations and noting that movant has not challenged the motion court's determination on any of the issues where findings were made, including that of ineffective assistance of counsel, we determine that the motion court's determination of this case was not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

evidence at trial. Because the subject of the requested amendment is a matter for direct appeal and is not cognizable in a Rule 27.26 proceeding, the state's motion to strike the exhibit attached to the reply brief is denied as moot.

**2.** Examples of claims not cognizable in a Rule 27.26 motion include issues that could, or should, have been presented on direct appeal cannot be raised in a Rule 27.26 motion. *Maha-*

*ney v. State*, 660 S.W.2d 774, 775 (Mo.App.1983). Also, a motion court can grant no relief based on an allegation of ineffective assistance of counsel on appeal; such relief should be sought by motion to the appellate court to recall the mandate, vacate the affirmance, and rehear the appeal. *Hemphill v. State*, 566 S.W.2d 200, 208 (Mo. banc 1978); *see also Burton v. State*, 641 S.W.2d 95, 97 n. 2 (Mo. banc 1982).