**Michael GLEASON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53676.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 24, 1988.

Tim Wynes, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the judgment dismissing his successive Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant pled guilty to burglary second degree and was sentenced to a prison term of six years. He filed a pro se motion under Rule 27.26 to vacate the sentence alleging (1) he was subjected to an illegal arrest conducted without a warrant, (2) he

---

1. Defendants' motion for damages for frivolous appeal denied.

was not read his Miranda rights, and (3) his trial counsel was ineffective in not securing a competency hearing to provide a mental evaluation of movant. The motion was denied and the denial affirmed by order opinion. *Gleason v. State*, 704 S.W.2d 300 (Mo.App.1986).

Movant's pro se successive Rule 27.26 motion alleged (1) his counsel for the first Rule 27.26 motion was ineffective because he had a conflict of interest and because he failed to amend the first pro se motion; (2) the prosecutor had a conflict of interest and should have been removed; (3) his trial counsel was ineffective; and (4) his guilty plea was involuntary because his trial counsel was ineffective "for not contacting and obtaining the movant witness for a trial." Counsel amended this successive Rule 27.26 motion to allege that movant's guilty plea was involuntary because of enumerated deficiencies in the representation provided by trial counsel, and that these claims were not raised during movant's first Rule 27.26 proceeding because that counsel was also ineffective. Thus, the amended motion asserts, movant should not be precluded from raising the claims in a successive motion. The State filed a motion to dismiss the successive Rule 27.26 motion. After the State's motion was argued the court stated:

> Every time it goes wrong he adds another attorney as ineffective assistance of counsel and comes back with the same— the same basic allegations.

> Therefore, I am simply going to overrule the motion 27.26 for the grounds that everything alleged, in what is characterized as the supplemental motion to vacate under 27.26, ... has already been ruled upon or should have been raised in the original 27.26. I don't plan to go any further with the ruling.

The judge went on to tell movant's attorney: "I'm going to rule without findings of fact and conclusions of law so that you can move expeditiously." The attorney responded: "That's what I wanted to know, Your Honor. Thank you very much." Although there was notice that nothing more than a docket entry would be entered, no objection was made to the lack of findings of fact and conclusions of law.

On appeal movant asserts the trial court erred "in failing to enter specific findings of fact and conclusions of law ... in that they are necessary ... [for] a meaningful review." Although Rule 27.26(i) (repealed Jan. 1, 1988) required the trial court to make findings of fact and conclusions of law, we have held this requirement does not apply to the dismissal, on a question of law, of a successive Rule 27.26 motion or to claims of ineffective assistance of Rule 27.-26 counsel. *See e.g., Williams v. State*, 744 S.W.2d 814, 817 [3, 4] (Mo.App.1987); *Newman v. State*, 703 S.W.2d 71, 72–73 [1, 4] (Mo.App.1986). Even if findings of fact and conclusions of law were required, their stated purpose, providing a record for review on appeal, was satisfied by the record made at the hearing on the State's motion to dismiss. As the court noted, everything cognizable in a Rule 27.26 motion was raised or could have been raised in the first motion. *See Williams*, 744 S.W.2d at 817 [4] (ineffective assistance of Rule 27.26 counsel is not cognizable in a Rule 27.26 proceeding).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.