[redacted]

**James R. REAGAN, Movant–Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 53626.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 24, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 22, 1988.

[redacted]

Michael Wade Clark, Union, for movant-appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant James Reagan appeals from the dismissal of twelve grounds in his Rule 27.26 motion. Movant had conspired to place a bomb on a highway patrolman's car. The bomb was discovered on the car in an inoperative condition. Movant was convicted by a jury of assault in the first degree, RSMo § 565.010 (1978), and possession of a bomb, RSMo § 571.100 (1978), for which he received consecutive ten and five year sentences. This court affirmed the convictions on direct appeal. *State v. Reagan,* 654 S.W.2d 636 (Mo.App.,E.D.1983). On this appeal movant argues that the trial court erred in dismissing twelve grounds of his motion without issuing findings of fact and conclusions of law as to those counts. We affirm.

In his amended pro se Rule 27.26 motion, movant alleged twenty-nine separate grounds for relief. The State filed a motion to dismiss sixteen of the grounds. Movant voluntarily dismissed three of those sixteen grounds. The court overruled the State's motion to dismiss as to ground B–4. The court sustained the State's motion to dismiss as to twelve of the grounds. Those twelve grounds can be summarized as follows:

A–2, A–3, A–4, A–5, and A–6 alleged prosecutorial misconduct;

B–1 and B–2 alleged insufficient evidence to prove possession of the bomb;

B–3 alleged double jeopardy;

C–3 alleged ineffective assistance of counsel for failing to tender one of the "credibility" instructions;

C–8 alleged ineffective assistance of counsel for failing to tender an instruction defining bomb or bombshell as used in the verdict director;

D–1 alleged the trial court should have *sua sponte* given a credibility instruction.

The court dismissed the twelve grounds without issuing findings of fact and conclusions of law. The court held an evidentiary hearing on the remaining grounds. The court thereafter denied the motion and is-

sued findings of fact and conclusions of law on the remaining grounds.

On appeal movant argues that the motion court erred in failing to issue findings of fact and conclusions of law on all grounds set forth in his motion. Movant does not challenge the motion court's findings or conclusions on those issues that were not dismissed.

Initially we note the standard of review employed in evaluating movant's claim of error. Our determination is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.26(j). The motion court's findings and conclusions are clearly erroneous if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.,E.D.1986).

■ Generally, Rule 27.26 requires a motion court to make findings of fact and conclusions of law on all issues presented. Rule 27.26(i); *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978). But where the issue before the court is one of law and not fact, findings of fact are not required. *Williams v. State*, 744 S.W.2d 814, 817 (Mo.App.,E.D.1987). On claims not cognizable in a Rule 27.26 proceeding, failure by the motion court to issue findings and conclusions does not result in reversible error. *Williams*, 744 S.W.2d at 817.

We have examined movant's motion, the testimony presented at the evidentiary hearing, and the motion court's findings. We conclude that the motion court made findings on all issues on which findings are required. Each of the above listed grounds which were dismissed by the motion court without findings were either not cognizable in a Rule 27.26 motion or would not entitle movant to relief as a matter of law.

■ Grounds A–2, A–3, A–4, A–5, and A–6 alleged prosecutorial misconduct. Prosecutorial misconduct is not ordinarily cognizable in a Rule 27.26 proceeding for it constitutes trial error that should be raised on direct appeal. *See Bufalo v. State*, 614 S.W.2d 29, 31 (Mo.App.,E.D.1981). Movant stated in his motion that these specific instances of prosecutorial misconduct could not have been raised on direct appeal because they were based on newly discovered evidence. However, a Rule 27.26 motion is not the proper proceeding in which to present newly discovered evidence. *State v. Mims*, 674 S.W.2d 536, 539 (Mo. banc 1984).

■ Grounds B–1 and B–2 challenged the sufficiency of the evidence. Ground B–3 asserted a double jeopardy claim. Ground D–1 alleged the trial court erred in failing to *sua sponte* give a "credibility" instruction. Each of these grounds are not cognizable in a Rule 27.26 proceeding for they could have been raised on direct appeal. *Eggers v. State*, 734 S.W.2d 300, 304 (Mo.App.,E.D.1987).

■ Ground C–3 alleged ineffective assistance for failing to offer MAI–CR2d 3.44 or 3.56. But each of these instructions were not supported by the evidence. Ground C–8 alleged ineffective assistance for failing to offer an instruction defining bomb or bombshell as used in the verdict director. The MAI Notes on Use do not require a definitional instruction for bomb or bombshell. Thus, as a matter of law, it was not ineffective assistance for trial counsel to fail to offer instructions that were not supported by the evidence or required by the Notes on Use.

Movant has not challenged the motion court's determination on any of the grounds on which findings were made. The motion court's determination of this case was not clearly erroneous.

Judgment affirmed.

REINHARD and DOWD, JJ., concur.