Anthony ASHFORD, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 54279.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 20, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 19, 1988.

Application to Transfer Denied
Dec. 13, 1988.

Holly G. Simons, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26[1] motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of robbery in the first degree, two counts of kidnapping, and one count of assault to do great bodily harm with malice aforethought. He was sentenced by the court to serve 10 years for the robbery conviction, 10 years for each of the kidnapping convictions, and 15 years for the assault conviction. The court ordered the sentences to be served consecutively except the kidnapping sentences were to be served concurrently. He appealed his convictions and we affirmed. *State v. Ashford,* 620 S.W.2d 445 (Mo.App.1981).

In his amended 27.26 motion, movant requested relief on the following grounds:

1) The prosecutor violated movant's constitutional rights by commenting on movant's failure to testify; during closing argument the prosecutor stated the testimony of the state's witnesses was uncontradicted;

2) His trial counsel failed to object to evidence of other crimes being admitted at trial;

3) Although there was pretrial publicity and two mistrials his trial counsel failed to seek a change of venue;

4) His trial counsel failed to object to the testimony of a state's witness on the basis of her young age;

5) His trial counsel did not plea bargain; and

6) His trial counsel was ineffective in that he failed to object, thoroughly investigate the case, etc.

On appeal movant argues the motion court erred in denying his motion for a continuance of his Rule 27.26 hearing and challenges the sufficiency of the findings of fact and conclusions of law made by the motion court. Movant made his motion to continue his Rule 27.26 hearing orally as the hearing began.

■ A court's ruling on a motion to continue a Rule 27.26 hearing is accorded the same standard of review as a court's ruling on any other motion to continue. *Wright v. State,* 738 S.W.2d 478, 481 (Mo.App. 1987). "Whether a continuance should be granted is within the discretion of the trial court and every intendment on appeal is in favor of the court's ruling." *Id.*

The motion court did not abuse its discretion in denying movant's oral motion for continuance made at the start of his Rule 27.26 hearing.

Our review of an order sustaining or overruling a Rule 27.26 motion is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo. App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression a mistake has been made. *Richardson,* 719 S.W.2d at 915. The motion court is not required to believe the testimony of a movant at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App.1987).

Most of the grounds for relief asserted by movant here are the same as those asserted by the movant in *Williams v. State,* 744 S.W.2d 814, 815–816 (Mo.App. 1987). We reviewed movant's motion, the findings of fact and conclusions of law of the motion court, and the testimony at the evidentiary hearing, with the requirement that the motion court make findings of fact and conclusions of law on all points raised and the exceptions thereto as set out in *Williams,* 744 S.W.2d at 817, in mind. We conclude every point raised by movant falls within an exception or the motion court

1. Repealed effective January 1, 1988.

made the required findings of fact and conclusions of law.

Furthermore, the court could have based its order on lack of prejudice alone. At movant's trial "[t]he state's evidence included an extensive statement given by the defendant [movant] to the police admitting his involvement in the crimes." *Ashford*, 620 S.W.2d at 446 n. 2. Under the totality of the circumstances, regardless of the alleged errors, there was no reasonable probability movant would not have been convicted. *See Richardson*, 719 S.W.2d at 916.

The motion court's order overruling movant's Rule 27.26 motion is not clearly erroneous.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.