STATE of Missouri, Respondent,

v.

Lankford HAYNES, Appellant.

No. WD 63887.

Missouri Court of Appeals,
Western District.

April 5, 2005.

Amy Marie Bartholow, State Public Defender Office, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Deborah Daniels and Evan Buchheim, Office of Attorney General, Jefferson City, for Respondent.

RONALD R. HOLLIGER, Judge.

Lankford Haynes appeals from his conviction for felony resisting arrest, RSMo section 575.150 (2000), and third degree assault of a law enforcement officer, RSMo section 565.083 (2000). In his sole point on appeal he attacks the resisting arrest conviction contending that the trial court plainly erred in submitting the issue to the jury in a disjunctive form when one of the

prongs of the instruction was not supported by the evidence. Finding no manifest injustice we affirm.

On May 1, 2003, two police officers went to a Columbia residence for the purpose of arresting Langford Haynes on a charge of second-degree assault. A female opened the door and the officers immediately saw Haynes standing inside the residence wearing boxer shorts and a tee shirt. The female let the officers inside where they informed Haynes that they were looking for a suspect and asked him for identification. Haynes refused and took a step toward the officers while becoming belligerent and angry. Haynes was asked to take a step back and, when he declined to do so, the officers attempted to arrest him.

When the officers tried to handcuff him, Haynes pulled his hands away and cursed at the officers. The officers assisted Haynes to the floor where they proceeded to handcuff him. Haynes then attempted to lift himself up off the floor when he was asked to lie still. After he was handcuffed, the officers attempted to get clothes for Haynes to wear but he refused clothing and continued to yell and curse at the officers. When the officers led him to the patrol car, he attempted to push back, refused to walk, and continued to curse at them. After being put in the patrol car, Haynes remained combative, cursed the officers, and threatened to kill them after he was released from jail.

At the police station, Haynes was placed in the smaller of two holding cells. He remained angry and began kicking the door. He was told to stop kicking, but refused. Officers then decided to move him to a larger holding cell to prevent him from kicking the door. Haynes continued to resist during the move.

The verdict directing instruction posited that Haynes resisted arrest either by using violence or physical force. Haynes contends that there was insufficient evidence to support the submission of "violence" as a method of perpetuation of the crime. He correctly argues that the evidence must support both alternative submissions. *State v. Davison,* 46 S.W.3d 68, 75 (Mo.App.2001). He points out that *Davison* and other cases have rejected the argument that submission of a theory of criminal responsibility unsupported by the evidence is not prejudicial error if another submission is supported by the evidence. *Davison* and the other cases relied upon, however, involve preserved claims of instructional error.

"Instructional error seldom rises to the level of plain error." *State v. Wright,* 30 S.W.3d 906, 912 (Mo.App.2000). Unpreserved claims of instructional error can be reviewed under Rule 30.20 if manifest injustice would otherwise occur. *State v. Wurtzberger,* 40 S.W.3d 893, 898 (Mo. banc 2001). For instructional error to be plain error the defendant must show more than mere prejudice; he must "establish that the trial court has so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict." *Wright,* 30 S.W.3d at 912.

Haynes makes no argument of any error, plain or otherwise, regarding the submission of the "physical force" prong of the instruction. We have reviewed the record carefully and, viewed in the light most favorable to the jury's verdict, as we must, the evidence was overwhelming that Haynes used physical force to resist his arrest. Under these circumstances, we believe that the affect on the jury's verdict,

if any, did not result in manifest injustice.[1]

The judgment is affirmed.

EDWIN H. SMITH, Chief Judge, and PAUL M. SPINDEN, Judge, concur.

1. The jury did send a question asking for a definition of both violence and physical force. We do not agree that this reflects confusion or concern by the jury that affected its deliberations and verdict. The difference between violence and physical force as means of resistance may not be so clear to a layman. The question can as easily be explained by the argument of defense counsel that in effect they were the same thing.