

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| DAVID JONES, | ) | No. ED103248 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | 1322-CC01130 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Philip D. Heagney |
| | ) | |
| Respondent. | ) | Filed: July 19, 2016 |

Before Robert M. Clayton III, P. J., Lawrence E. Mooney, J., and James M. Dowd, J.

### OPINION

David Jones was convicted by a jury of the felony charges of first-degree assault and armed criminal action. The trial court sentenced Jones to two concurrent terms of imprisonment: twelve years for first-degree assault, and three years for armed criminal action. Jones appealed the convictions in *State v. Jones*, 398 S.W.3d 519 (Mo.App.E.D. 2013), and this Court affirmed. Jones then filed a Rule 29.15 motion for post-conviction relief. The motion court denied it without an evidentiary hearing. We now consider Jones's appeal of the motion court's ruling.

Arguing that the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing, Jones raises one point on appeal: that trial counsel rendered ineffective assistance because counsel should have offered a self-defense instruction hypothesizing multiple assailants. Because the motion court did not clearly err in determining that Jones's ineffective

assistance claim is refuted by the record and does not entitle him to relief or an evidentiary hearing, we affirm.

## Standard of Review

We review the denial of a Rule 29.15 motion for post-conviction relief only to determine whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k)[1]; *Mallow v. State*, 439 S.W.3d 764, 768 (Mo.banc 2014). Findings and conclusions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.* We presume that the motion court's findings are correct. *Id.*

Moreover, an evidentiary hearing is not warranted in every Rule 29.15 motion. Rule 29.15(h); *Johnston v. State*, 406 S.W.3d 892, 898 (Mo.banc 2013). To be entitled to an evidentiary hearing, the movant's motion must (1) allege facts, not conclusions, warranting relief; (2) raise factual matters that are not refuted by the file and record; and (3) raise allegations that resulted in prejudice. *Id.* Courts will not draw factual inferences or implications in a Rule 29.15 motion from bare conclusions or from a prayer for relief. *Id.*

## Discussion

### The *Strickland* Test

We apply the two-part *Strickland* test to ineffective-assistance-of-counsel claims for post-conviction relief under Rule 29.15. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Johnson*, 406 S.W.3d at 898. To be entitled to relief, the movant must show by a preponderance of the evidence that (1) his counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation, and (2) he was prejudiced by that

---

[1] All rules references are to the Missouri Supreme Court Rules (2016).

failure. *Johnson*, 406 S.W.3d at 898-99. To overcome the strong presumption that counsel's conduct was reasonable and effective, the movant must identify specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professionally competent assistance. *Id.* To show prejudice, the movant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

Failure to Offer a Multiple-Assailants Self-Defense Instruction

In his sole point on appeal, Jones claims that trial counsel was ineffective for failing to offer a self-defense instruction hypothesizing multiple assailants. We disagree because the record demonstrates that Jones was not entitled to such a self-defense instruction, and thus, as a matter of law, his claim of ineffective assistance fails.

Self-defense is a special negative defense pursuant to which the defendant has the burden of injecting into the evidence the issue of self-defense while the State continues to have the burden to prove beyond a reasonable doubt that the defendant did not act in self-defense. *State v. January*, 176 S.W.3d 187, 197 (Mo.App.W.D. 2005); § 563.031.5[2]. A trial court is obligated to instruct on self-defense if substantial evidence is presented that, when viewed in the light most favorable to the defendant, puts self-defense in issue. *State v. Houcks*, 954 S.W.3d 636, 638 (Mo.App.W.D. 1997). Indeed, the defendant is entitled to a self-defense instruction in which the jury considers threatened harm from all assailants, not just the one against whom the defendant may have retaliated, if such an instruction is supported by substantial evidence in the record. *State v. Mangum*, 580 S.W.3d 853, 868-69 (Mo.App.E.D. 2013).

---

[2] All statutory references are to RSMo (Supp. 2012) unless otherwise indicated.

However, self-defense, as a legal defense, generally "cannot occur where the accused denies committing the underlying act for which [he or she] is charged." *Houcks*, 954 S.W.2d at 639. "[A] person claiming self-defense seeks to justify the act for which the person is charged rather than simply denying the allegation and, thereby, compelling the [S]tate to prove the charged offense." *Id.* Barring exceptional circumstances, "[s]elf-defense is an *admission by the person invoking the defense* that the person committed the alleged act." *Id.* (emphasis added). The only exception to this general rule precluding the submission of a self-defense instruction where the defendant does not admit committing the alleged act for which he claims such justification under the law—i.e., where injection of the issue of self-defense would be inconsistent with his own testimony—is that the evidence of him committing the alleged act in self-defense was presented by the State or a third-party witness called by the defense. *See id.*

The Western District applied these principles in *Houcks*. The *Houcks* court held that the defendant, who was charged with first-degree assault and armed criminal action for setting her husband on fire using a cup of gasoline and a lighter, was not entitled to a self-defense instruction because she did not admit committing the specific act charged by the State—intentionally setting her husband aflame—for which she claimed justification, and neither the State nor any of the defendant's third-party witnesses offered evidence that she committed the charged act in self-defense. *Id.* at 638-39. The defendant did not outright deny that her husband was set aflame as a result of her actions, but she claimed it was an accident—she did not admit that she intentionally set him on fire. *Id.* at 639. As a result, the *Houcks* court concluded that the evidence submitted in the case, even if viewed in the light most favorable to the defendant, was insufficient to establish the defendant's entitlement to a self-defense instruction. *Id.*

4

The *Houcks* court explained that asserting self-defense and accident as defenses is inconsistent because when claiming self-defense, the defendant acknowledges *intentionally* inflicting injury or death on another person, but asserting that injury to another resulted from an accident includes the assertion that the defendant's conduct causing harm was *unintentional*.[3] *Id.* at 638 (citing *State v. Miller*, 772 S.W.2d 782, 784 (Mo.App.1989)). The court noted that despite the inconsistency of the two defenses, a defendant may be entitled to have both submitted to the jury if they are proved by proper evidence. *Id.* at 639 (citing *State v. Morris*, 248 S.W.2d 847, 853 (Mo.banc 1952)). However, the court observed that the evidence necessary to justify instructions on defenses inconsistent with the defendant's testimony must be offered by the state or proved by third-party witnesses for the defendant; the defendant cannot alone provide the basis for such a defense. *Id.* (citing *State v. Wright*, 175 S.W.2d 866, 872 (Mo.banc 1943); *State v. Peal*, 463 S.W.2d 840, 842 (Mo.banc 1971)). Because the *Houcks* court found that neither the State nor any third-party witness provided a basis for the defendant's assertion of self-defense—which was inconsistent with her testimony that her husband's injuries resulted from an accident—she was not entitled to have a self-defense instruction submitted to the jury. *Id.*

The situation in *Houcks* was virtually identical to that in this case. On this record, however, it is even clearer that the defendant was not entitled to a self-defense instruction, much less one hypothesizing multiple assailants. Here, a grand jury charged Jones with—and the jury convicted him of—one count of first-degree assault, as well as one connected count of armed criminal action, based on allegations that he knowingly caused serious physical injury to Virgle Woods ("Victim") by stabbing him during a confrontation on Victim's basement stairs. Jones asserted self-defense,

---

[3] We acknowledge that under certain unusual circumstances not present here, a defendant may *recklessly* act in self-defense. *State v. Beeler*, 12 S.W.3d 294, 297-98 (Mo.banc 2000).

but he did not admit to committing the alleged act—the intentional stabbing—for which he claimed justification in case the jury found that it occurred. Moreover, unlike the defendant in *Houcks*, he refused to admit that he inflicted the alleged harms at all, even wholly as an accident—instead, he outright denied that he stabbed or cut Victim.

When asked at trial whether he cut Victim, Jones testified, "No, I didn't have the opportunity to cut him." Jones claimed that he was never able to use on Victim either of two knives he carried at the time of the alleged offense. Jones concluded that he could not explain how Victim ended up with gashes on his neck. Jones unquestionably asserted self-defense, which would have justified Jones's stabbing of Victim had the State not proved beyond a reasonable doubt that Jones did not reasonably believe his use of force was necessary; however, Jones's testimony did not produce sufficient evidence to support a self-defense instruction because he made clear that he did not even believe he used force, much less that he reasonably believed his use of force was necessary.

Nor did the State's evidence or the lone third-party defense witness in this case establish that Jones stabbed Victim in self-defense. The State's evidence showed that Jones was the initial aggressor; that he pushed Victim down and cut him with a utility knife; and that afterward Victim fought him off by hitting him with a cell phone until he ran away and ended the confrontation. And Lonzell Stiles, Jones's sole witness, did not testify that Jones stabbed Victim in self-defense. Stiles did not testify as to any use of force by Jones.

Therefore, the facts in this case are even more compelling than those in *Houcks* and demonstrate that the defendant was not entitled to a self-defense instruction of any kind. There was no evidence in the record that Jones stabbed Victim in self-defense—there was merely Jones's testimony outright denying that he stabbed Victim; the State's evidence that Jones intentionally

6

and unjustifiably stabbed Victim; and Stiles's testimony with no reference to the use of force by Jones. In other words, like the defendant in *Houcks*, Jones *alone* attempted to provide the basis for an affirmative defense—self-defense—inconsistent with his own testimony. And in a sense, Jones did even less to establish self-defense; he did not, like the defendant in *Houcks*, admit to *accidentally* committing charged conduct—instead, he asserted self-defense while at the same time testifying that he did *not* stab Victim or even have the opportunity to do so.

Based, then, on the definition and principles of self-defense discussed above—which describe self-defense as necessarily involving an *admission* of committing the charged conduct—we find as a matter of law that Jones's testimony was plainly insufficient to establish Jones's entitlement to a self-defense instruction, regardless of how many assailants it hypothesized. And because the record as a whole likewise affords no basis for finding that Jones was entitled to a self-defense instruction in this case, we conclude that Jones would not have been entitled to such an instruction expressly hypothesizing multiple assailants, if counsel had offered it.

Accordingly, as a matter of law, it was not ineffective assistance for trial counsel to fail to offer such an instruction. *See Clark v. State*, 30 S.W.3d 879, 884 (Mo.App.S.D. 2000) ("It is not ineffective assistance to fail to request an instruction that is not warranted by the evidence." (citing *State v. Holcomb*, 956 S.W.2d 286, 294 (Mo.App. W.D.1997))); *Reagan v. State*, 751 S.W.2d 793, 795 (Mo.App.E.D. 1988) (finding that where instructions were not supported by the evidence, as a matter of law it was not ineffective assistance of counsel to fail to submit them); *Wright v. State*, 125 S.W.3d 861, 869 (Mo.App.S.D. 2003) ("We cannot . . . find trial counsel's performance deficient because he failed to protect his right to assert a defense to which his client clearly was not entitled as a matter of law." (citing *Dorsey v. State*, 113 S.W.3d 311, 318 (Mo.App. S.D.2003))). The motion court did not clearly err in determining that Jones's ineffective assistance

## Conclusion

For the reasons stated above, we affirm the judgment of the motion court.

_____
James M. Dowd, Judge

Robert M. Clayton III, P.J., and
Lawrence E. Mooney, J., concur.

8