**STATE of Missouri, Respondent,**

v.

**Terry Dale ISBELL, Appellant.**

**ED 104409**

Missouri Court of Appeals, Eastern District, DIVISION ONE.

Filed: March 28, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied May 16, 2017

Christian E. Lehmberg, Columbia, MO, for appellant.

Gregory L. Barnes, Jefferson City, MO, for respondent.

Lisa P. Page, Judge

Terry Isbell ("Defendant") appeals his conviction, after a jury trial in the Circuit Court of Washington County, of one count of abuse of a child, in violation of Section 568.060.[1] We affirm.

## BACKGROUND

On September 19, 2014, the Potosi High School football team was set to square-off in a Friday night duel. C.M. ("Victim"), a seventeen-year-old female student at Potosi High School, desired to attend the Friday night match-up but needed money for bus fare and concessions. Victim asked her mother ("Mother") and step-father, Defendant, for the money, but they declined, citing a lack of funds, which resulted in a verbal brawl on the front porch of their house. Victim, who suffers from behavioral challenges, began exhibiting extreme agitation by pulling her hair and biting her arm. As the argument escalated, Victim kicked the inside of Defendant's shin. Defendant immediately retaliated and struck Victim in the face, giving her a bloody-nose. Victim then fled nearby to her aunt's house.

The following day, an investigator from the Children's Division interviewed Defendant and Mother at their home. The investigator testified that during Defendant's interview he was "[v]ery defiant" and "arrogant." In fact, upon being questioned about whether he struck Victim, Defendant was unrepentant and responded: "Damn right I hit her, and I will do it again." Defendant ultimately became belligerent and coarsely directed the investigator to "suck his dick."

Defendant was arrested and charged with one count of abuse of a child, in violation of Section 568.060, a class C felony. At trial, Defendant neither submitted nor requested a self-defense instruction be tendered to the jury. The trial court did not, *sua sponte*, submit a self-defense instruction. However, the trial court did give Defendant's requested justification instruction based on the reasonable discipline of a minor.

Upon the jury's guilty verdict, Defendant was sentenced to seven years of imprisonment as a prior offender. This appeal follows.

## DISCUSSION

In his sole point on appeal, Defendant avers the trial court plainly erred in failing to submit, *sua sponte*, an instruction for self-defense.[2]

---

1. All statutory references are to RSMo Cum. Sup. 2013, unless otherwise indicated.

2. Defendant's point on appeal does not specify which of the 18 self-defense instructions in the 306.00 Series of the MAI–CR3d (2016) the trial court should have tendered, *sua sponte*. Thus, it appears Defendant's argument may violate Missouri Supreme Court Rules of Appellate Procedure. See Rules 30.06(a), 84.04(e). However, even if Defendant's Brief does not contravene our Supreme Court Rules, Defendant appears to inappropriately task this court with determining and advocating between a multitude of self-defense instructions. See, e.g., State v. Plunkett, 487 S.W.3d 480, 489 n.6 (Mo. App. S.D. 2016). "Appellate courts should not become advocates for an appellant by speculating about facts and arguments that have not been

## Standard of Review

 Rule 30.20 grants an appellate court limited review of unpreserved claims of error to consider "plain errors affecting substantial rights[.]" Rule 30.20; see also State v. Johnson, 207 S.W.3d 24, 43 (Mo. banc 2006) ("Unpreserved issues can be reviewed only for plain error."). However, appellate courts retain complete discretion whether to review an unpreserved issue for possible plain error. State v. Marshall, 131 S.W.3d 375, 377 (Mo. App. E.D. 2004). In fact, instructional error *seldom* rises to the level of plain error. State v. Oudin, 403 S.W.3d 693, 697 (Mo. App. W.D. 2013). For instructional error to be plain error the defendant must demonstrate more than mere prejudice; the defendant must "establish that the trial court has so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict." State v. Haynes, 158 S.W.3d 918, 919 (Mo. App. W.D. 2005) (quoting State v. Wright, 30 S.W.3d 906, 912 (Mo. App. E.D. 2000)); see also State v. Miller, 372 S.W.3d 455, 470 (Mo. banc 2012).

## Analysis

It is undisputed Defendant did not submit or request a self-defense instruction.[3] However, now, on appeal, Defendant contends the trial court plainly erred in failing to submit, *sua sponte*, an instruction for self-defense. We need not decide if the trial court was required to *sua sponte* submit a self-defense instruction, *per se* as a matter of law[4] because we conclude Defendant failed to satisfy his burden of injecting "substantial evidence" during trial.

 The right of self-defense, codified in Section 563.031, is a person's privilege to defend himself or herself against attack; Section 563.031.1 sanctions the use of physical force to defend oneself against an imminent and unlawful attack. State v. Miller, 91 S.W.3d 630, 633 (Mo. App. W.D. 2002). The plain language of Section 563.031.1 authorizes a person, in certain circumstances, to use "physical force upon another person when and to the extent he or she *reasonably believes* such force to be necessary to defend himself or herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful force by such other person[.]" Section 563.031.1 (emphasis added).

 "Self–defense is a special negative defense pursuant to which the defendant has the burden of injecting into the evidence the issue of self-defense while the State continues to have the burden to prove beyond a reasonable doubt that the defendant did not act in self-defense." Jones v. State, 495 S.W.3d 789, 791 (Mo. App. E.D. 2016). "Whether the evidence raises the issue of self-defense is a question of law." State v. Kasparie, 498 S.W.3d

made." State v. Franke, 234 S.W.3d 484, 486 (Mo. App. E.D. 2007) (citations omitted).

**3.** Whether Defendant chose not to request a self-defense instruction as a matter of trial strategy or whether Defendant mistakenly failed to request a self-defense instruction is not a matter before this court.

**4.** We express reservations regarding Defendant's claim, because the subsequent statutory history appears to have abrogated this duty. The former statutes, upon which this duty was premised, mandated trial courts to instruct upon all questions of law arising in the case, "whether requested or not." See Section 5231 (1909), Section 4025 (1919), Section 3681 (1929), Section 4070 (1939), Section 546.070 (1949), 546.070 (1978). This directive was removed by the Missouri Legislature in 1984. See Section 546.070 (1986), Section 546.070, RSMo Cum. Sup. 2015. Missouri Supreme Court Rules have also eliminated similar mandates. Compare Rule 26.02(6) (1966) with Rules 27.02 (2016) and 28.02 (2016).

804, 811 (Mo. App. S.D. 2015) (quoting State v. Nunn, 697 S.W.2d 244, 246 (Mo. App. E.D. 1985)).

[8–10] A self-defense instruction shall be submitted to the jury only "when substantial evidence is adduced to support it, even when that evidence is inconsistent with the defendant's testimony." State v. Westfall, 75 S.W.3d 278, 281 (Mo. banc 2002). "Substantial evidence" has been defined as "evidence putting a matter in issue." State v. Avery, 120 S.W.3d 196, 200 (Mo. banc 2003). Generally, "[t]o be entitled to an instruction regarding self-defense, there must be substantial evidence showing (1) the defendant was not the initial aggressor; (2) the defendant 'reasonably believed that he was faced with the necessity of defending himself from bodily harm'; (3) the defendant 'used no more force than was necessary'; and (4) the defendant 'attempted to avoid the confrontation.'" State v. Seals, 487 S.W.3d 18, 23 (Mo. App. S.D. 2016) (quoting in part Miller, 91 S.W.3d at 635). Upon review of whether "substantial evidence" existed to support a self-defense instruction, "the evidence is viewed in the light most favorable to the theory of self-dense espoused by the defendant." State v. Powers, 913 S.W.2d 138, 141 (Mo. App. W.D. 1996).

Here, Victim kicked the inside of Defendant's shin during a raucous argument and Defendant immediately retaliated by striking her in the face, resulting in a bloody-nose. After being struck by Defendant, Victim fled nearby to her aunt's house. The following day, Defendant did not express any concern for his safety during the incident or remorse for his conduct. Rather, Defendant's obnoxious behavior during his interview with the Children's Division indicated he firmly believed he was entitled to strike Victim.

Even when considering the evidence in the light most favorable to Defendant, the facts adduced during trial do not reveal a scintilla of evidence that Defendant reasonably believed physical force was necessary to defend himself against an imminent and unlawful attack. See Section 563.031.1; see, e.g., MAI–CR3d 306.06[4] (2016); MAI–CR3d 306.06A[6] (2016).[5] Rather, the evidence demonstrates Defendant believed his conduct was not for purposes of self-defense, but was warranted, and, in fact, Defendant "will do it again" in a future altercation with Victim. Defendant injected no evidence—much less substantial evidence—that a reasonable person in the same situation would reasonably believe physical force against Victim was necessary. Hendrix v. State, 369 S.W.3d 93, 98 (Mo. App. W.D. 2012) ("The reasonableness of the belief is determined from an objective test that measures conduct based on what a hypothetical ordinary reasonable and prudent person would have believed and how they would have reacted.") (internal citations and quotation marks omitted).

Based on these facts, it would be erroneous for this court to find the trial court in this case erred in not submitting, *sua sponte*, a self-defense instruction. Accordingly, the trial court did not plainly err.

Defendant's point is denied.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

Robert M. Clayton III, P.J. and Mary K. Hoff, J., concur.

---

5. In his Brief, even Defendant strains to credibly argue self-defense. For instance, Defendant claims the jury could have found Defendant "was trying to protect [Victim], who was a danger to herself as she was biting herself and trying to pull her hair out."