

# Missouri Court of Appeals
## Southern District

### In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD38289 |
| | ) | |
| HENRY JOHN EPENESA, | ) | **Filed: June 24, 2024** |
| | ) | |
| Defendant-Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

The Honorable Josephine L. Stockard, Judge

**AFFIRMED**

Henry John Epenesa ("Epenesa") appeals the judgment of the Circuit Court of Greene County, Missouri ("trial court"), convicting him of assault in the fourth degree following a bench trial. *See* section 565.056.[1] In his only point on appeal, Epenesa claims the trial court erred in convicting him of assault because there was insufficient evidence that he was not acting in self-defense. We deny his point and affirm the trial court's judgment.

---

[1] All references to statutes are to RSMo 2016, including all applicable statutory changes effective January 1, 2017, unless otherwise indicated.

## Factual Background and Procedural History

On December 17, 2022, C.W. ("Victim") was at Sweet Boy's Neighborhood Bar in Springfield, Missouri, with his girlfriend ("Girlfriend"). Epenesa approached Girlfriend and asked her to dance. Girlfriend felt uncomfortable and motioned for Victim to come over to her. As Victim approached Girlfriend and Epenesa, Epenesa punched Victim in the face, a "scuffle" ensued, and Victim sustained injuries to his face and body. Video surveillance of the altercation showed Victim with his jacket pulled over his head and Epenesa throwing punches. Victim testified he "didn't throw anything"; that he "was the one getting hit"; that he pulled his jacket over his head to protect his head because Epenesa was "ripping [Victim's] jacket off with one arm and punching [him] with the other in the face and back of head."

Epenesa was charged with committing assault in the fourth degree and his case proceeded to a bench trial. At the close of the State's evidence, Epenesa moved for judgment of acquittal, which the trial court overruled. The defense did not present any evidence. The trial court found Epenesa guilty.

The trial court subsequently entered judgment convicting Epenesa of the offense, sentenced him to 90 days in jail, and suspended execution of his sentence. The trial court placed Epenesa on probation for two years and imposed a fine.

## Point on Appeal

Epenesa presents one point on appeal. Epenesa claims the trial court erred in overruling his motion for judgment of acquittal because there was insufficient evidence from which a rational fact finder could find him guilty of assault in the fourth degree in that the State failed to prove beyond a reasonable doubt that Epenesa was not acting in self-defense when he hit Victim.

*Standard of Review*

We begin by noting that this was a bench-tried case. There was no requirement that a motion for judgment of acquittal be filed because Rule 27.07(a) only applies to jury-tried cases. ***State v. Claycomb***, 470 S.W.3d 358, 361 n.3 (Mo. banc 2015).[2] There also is no requirement that a challenge to sufficiency of the evidence be included in a motion for new trial. ***Id.*** at 359; Rule 29.11(e)(2). While the description of the alleged error in Epenesa's point is inapt because it assumes the State had the burden to prove beyond a reasonable doubt that Epenesa was not acting in self-defense, which we determine herein it did not, the gist of the point is that the State failed to present sufficient evidence to convict Epenesa. "[A] claim that there is insufficient evidence to sustain a criminal conviction is preserved for review without regard to whether it was raised below." ***Claycomb***, 470 S.W.3d at 359. Even if Epenesa's point is defective in describing the error, our Supreme Court "long has held that sufficiency claims are considered on appeal even if not briefed or not properly briefed in the appellate courts." ***Id.*** at 361. Review for sufficiency of the evidence is on the merits, not as plain error. ***Id.*** at 362. Therefore, we treat Epenesa's point as challenging the sufficiency of the evidence to support his conviction and review that issue on the merits.

The trial court's findings "have the force and effect of the verdict of a jury" in a court-tried criminal case. Rule 27.01(b); ***State v. Crawford***, 68 S.W.3d 406, 408 (Mo. banc 2002). Appellate review is limited to whether there was sufficient evidence from which the trier of fact reasonably "could have found each element of the crime beyond a reasonable doubt." ***State v. Hunt***, 451 S.W.3d 251, 257 (Mo. banc 2014); *see also* ***State v. Shands***, 661 S.W.3d 381, 382 (Mo. App. S.D. 2023). We apply the same standard of review for sufficiency-of-the-evidence

---

[2] All rule references are to Missouri Court Rules (2024).

challenges in bench-tried cases as in jury-tried cases. *State v. Peeler*, 603 S.W.3d 917, 920 (Mo. App. E.D. 2020) (citing *State v. Brown*, 360 S.W.3d 919, 922 (Mo. App. W.D. 2012)). In determining whether there was sufficient evidence before the trial court to support a finding of guilt, this Court does not reweigh the evidence; this Court accepts as true all evidence and reasonable inferences therefrom which supports the judgment and ignores all contrary evidence and inferences. *Id.* This Court does not act as a "super juror," but grants great deference to the trier of fact in reviewing the sufficiency of the evidence to support a conviction and withstand a motion for judgment of acquittal. *State v. Brown*, 661 S.W.3d 27, 35 (Mo. App. S.D. 2023) (quoting *State v. Naylor*, 510 S.W.3d 855, 859 (Mo. banc 2017)). "On appeal from a bench-tried case where the trial court made no findings of fact, we consider all fact issues as having been found in accordance with the result reached." *Peeler*, 603 S.W.3d at 920 n.1.

Whether the evidence presented at trial injected the issue of self-defense is a question of law. *State v. Isbell*, 524 S.W.3d 90, 93 (Mo. App. E.D. 2017). We review all questions of law *de novo* without deference to the trial court. *State v. Hunter*, 626 S.W.3d 867, 874 (Mo. App. E.D. 2021) (citing *State v. Smith*, 595 S.W.3d 143, 145 (Mo. banc 2020)).

*Analysis*

Epenesa was charged with committing the offense of assault in the fourth degree in that he "recklessly caused physical pain to [Victim] by striking [Victim]." One commits the offense of assault in the fourth degree if he or she recklessly causes physical pain to another person. Section 565.056.1(1). Epenesa argues on appeal that if he was acting in self-defense, his conviction should be reversed, and from the video surveillance of the altercation admitted into evidence, it was "impossible to tell which party was the initial aggressor."

4

"A person is entitled to acquittal as a matter of law on the basis of self-defense *only if there is undisputed and uncontradicted evidence clearly establishing self-defense.*" ***State v. Devalkenaere***, 684 S.W.3d 1, 17 (Mo. App. W.D. 2023) (emphasis added) (quoting ***State v. Williams***, 608 S.W.3d 205, 209 (Mo. App. W.D. 2020)).

> The defendant shall have the burden of injecting the issue of justification under this [self-defense] section. If a defendant asserts that his or her use of force is described under subdivision (2) of subsection 2 of this section, the burden shall then be on the [S]tate to prove beyond a reasonable doubt that the defendant did not reasonably believe that the use of such force was necessary to defend against what he or she reasonably believed was the use or imminent use of unlawful force.

Section 563.031.5. Our Supreme Court described the quantum of proof required to inject the issue of self-defense as "substantial evidence." ***State v. Bruner***, 541 S.W.3d 529, 533-34 (Mo. banc 2018). "Sufficient 'substantial' evidence is provided if there is evidence putting a matter in issue." ***State v. Kendrick***, 550 S.W.3d 117, 122 (Mo. App. W.D. 2018) (internal quotations and citation omitted).

"The right of self-defense allows 'the use of physical force to defend oneself against an imminent and unlawful attack.'" ***Id.*** (quoting ***Isbell***, 524 S.W.3d at 93). Specifically,

> 1. A person may, subject to the provisions of subsection 2 of this section, use physical force upon another person when and to the extent he or she reasonably believes such force to be necessary to defend himself or herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful force by such other person, unless:
> (1) The actor was the initial aggressor[.]

Section 563.031.1(1).

To inject the issue of self-defense in this case, Epenesa had to establish by substantial evidence the statutory element that he was not the initial aggressor, and reasonably believed physical force was necessary to defend himself from what he reasonably believed to be the use or imminent use of unlawful force of another. Section 563.031.1. He failed to do so. Thus,

5

Epenesa failed to meet his burden of injecting into the evidence the issue of self-defense. Not only did Epenesa fail to provide substantial evidence of self-defense, there was no evidence at all before the trial court that Epenesa acted in self-defense. The video surveillance of the altercation does not show who the initial aggressor was. It does not show that Epenesa was not the initial aggressor, as he was required to establish. Because Epenesa was unsuccessful in meeting his burden of injecting self-defense into the case, the State had no duty to prove beyond a reasonable doubt that Epenesa did not act in self-defense – that Epenesa did not reasonably believe force was necessary. Section 563.031.5. However, viewing the evidence in the light most favorable to the trial court's judgment, the State presented sufficient evidence that Epenesa was the initial, if not only, physical aggressor; Epenesa repeatedly punched Victim and Victim sustained bruises on his face and body. Victim testified he did not throw any punches; that he pulled his jacket over his head to protect his head because Epenesa was "ripping [Victim's] jacket off with one arm and punching [him] with the other" in the face and the back of his head. Victim also testified that he "didn't throw anything"; that he "was the one getting hit."

Further, this was a bench-tried case. "The trial court is presumed to know and apply the law, and we will presume its findings are in accord with the outcome." *State v. Sprano*, 588 S.W.3d 215, 221 (Mo. App. S.D. 2019). The record does not support that Epenesa injected self-defense into the case, and we presume the trial court found insufficient evidence to consider it. Because Epenesa failed to meet his burden and self-defense was not at issue before the trial court, we do not have to determine whether the State provided sufficient evidence of the lack of self-defense. The evidence in the record, viewed in the light favorable to conviction, sufficiently supports a finding that Epenesa assaulted Victim, and did not do so in self-defense.

The trial court's judgment convicting Epenesa of assault in the fourth degree is affirmed.

6

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS